**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MONROE COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>ASTRAZENECA PLC, PASCAL SORIOT, MARC DUNOYER and MENELAS PANGALOS,<br><br>       Defendants. | Case No.: 1:21-cv-00722-JPO<br><br>Hon. J. Paul Oetken |
| VLADIMIR ZHUKOV, Individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>ASTRAZENECA PLC, PASCAL SORIOT, MARC DUNOYER, and MENELAS PANGALOS,<br><br>       Defendants. | Case No.: 1:21-cv-00825-JPO<br><br>Hon. J. Paul Oetken |

**MEMORANDUM OF LAW IN SUPPORT OF CAROL GRAY'S
MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS
<u>LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

| | | |
|---|---|---|
| I. | FACTUAL BACKGROUND | 2 |
| II. | PROCEDURAL HISTORY | 3 |
| III. | ARGUMENT | 4 |
| | A. Consolidation of the Actions Is Appropriate | 4 |
| | B. Appointing Movant as Lead Plaintiff Is Appropriate | 5 |
| |    1. Movant Filed a Timely Motion. | 6 |
| |    2. Movant Has the Largest Financial Interest in the Relief Sought. | 7 |
| |    3. Movant Satisfies the Relevant Requirements of Rule 23. | 7 |
| |       a. Movant's Claims Are Typical. | 8 |
| |       b. Movant Is An Adequate Representative. | 9 |
| | C. Approving Lead Plaintiff's Choice of Counsel Is Appropriate. | 9 |
| IV. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brady v. Top Ships Inc.*,
  324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................................. 6, 7

*In re Cendant Corp.*,
  264 F.3d 201 (3d Cir. 2001) ..................................................................................................... 10

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*,
  269 F.R.D. 291 (S.D.N.Y. 2010) ................................................................................................ 9

*Ferrari v. Impath, Inc.*,
  2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ......................................................... 4

*Ford v. VOXX Int'l Corp.*,
  No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015) ............... 8

*In re Gentiva Sec. Litig.*,
  281 F.R.D. 108 (E.D.N.Y. 2012) ............................................................................................... 8

*In re Hebron Tech. Co. Sec. Litig.*,
  C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480 (S.D.N.Y. Sep. 16, 2020) .......... 6

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990) ............................................................................................... 4, 5

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
  No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) .................................. 8

*Martingano v. Am. Int'l Grp., Inc.*,
  Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855 (E.D.N.Y. July 11, 2006) ............. 4

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
  No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011) ................... 9

*Weltz v. Lee*,
  199 F.R.D. 129 (S.D.N.Y. 2001) ............................................................................................... 4

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................................... passim

**Rules**

FED. R. CIV. P. 23 ................................................................................................................ 1, 6, 8

Fed. R. Civ. P. 42(a) ................................................................................................................ 4, 5

Carol Gray ("Movant") respectfully submits this memorandum of law in support of her motion ("Motion") to consolidate the above-captioned related actions (the "Actions"), appoint her as lead plaintiff, and approve her selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of all purchasers of AstraZeneca plc ("AstraZeneca" or the "Company") securities between May 21, 2020 and November 20, 2020, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. §240.10b-5, with jurisdiction conferred by §27 of the Exchange Act, 15 U.S.C. §78aa, against Defendants AstraZeneca, Pascal Soriot ("Soriot"), Marc Dunoyer ("Dunoyer"), and Menelas Pangalos ("Pangalos") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that she is the "most adequate" Movant, as defined by the PSLRA, and should be appointed lead plaintiffs based on the substantial financial losses she suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as her claims are typical of other Class members' claims and she will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience

in securities class action litigation and the experience and resources to efficiently prosecute these Actions.

## I.  FACTUAL BACKGROUND[1]

Defendant AstraZeneca is one of the largest biopharmaceutical companies in the world. ¶ 11. The Company is headquartered in Cambridge, England, and it maintains its North American headquarters in Wilmington, Delaware, a global research and development center in Gaithersburg, Maryland, and a primary commercial and manufacturing hub in Boston, Massachusetts. AstraZeneca is primarily known for its development of drugs to treat cancer, asthma, and other chronic conditions, and has not historically specialized in vaccine development. *Id.*

AstraZeneca was one of the early front-runners in the race to develop a COVID-19 vaccine. ¶ 17. In April 2020, the Company partnered with Oxford University to develop a potential recombinant adenovirus vaccine for the virus, later dubbed AZD1222. *Id.* Oxford University's work on developing a COVID-19 vaccine began in January 2020, almost as soon as the virus was recognized globally. *Id.* Volunteers for the first clinical trial were recruited and screened in March 2020, and a Phase 1 clinical trial was launched the following month. *Id.*

AstraZeneca issued a release on November 23, 2020 announcing the results of an interim analysis of its ongoing trial for AZD1222. ¶ 34. Although the release claimed that the drug candidate had met its primary efficacy endpoints, the announcement immediately began to raise questions among analysts and industry experts. *Id.* AstraZeneca disclosed that the interim analysis involved two smaller scale trials in disparate locales (the United Kingdom and Brazil) that, for

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*MCERS* Complaint") filed in the action styled *Monroe County Employees' Retirement System v. AstraZeneca Plc, et. al.,* Case No. 1:20-cv-00722-JPO (the "*MCERS* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *MCERS* Complaint. The facts set forth in the *MCERS* Complaint are incorporated herein by reference.

unexplained reasons, employed two different dosing regimens. *Id.*

The unexplained discrepancies, omissions, and the need for multiple trials in separate locales raised red flags for investors and distinguished AstraZeneca's trial procedures from those of other biopharmaceutical companies, such as Pfizer and Moderna, that had recently released interim results for their own COVID-19 vaccine candidates. ¶ 35. With questions surrounding AstraZeneca's announcement growing, the price of AstraZeneca ADSs plummeted nearly $2 per ADS during the trading day on November 23, 2020, on extremely high trading volume of over 13 million ADSs traded. *Id.*

Analysts and reporters widely panned the faulty trial design and failure of AstraZeneca to be forthright with the public and investors, describing AstraZeneca's interim results as a "mess," riddled with "irregularities and omissions," and the product of "cherry-picked . . . data" and "very shaky science." ¶ 38. For example, *Wired* issued a report on November 25, 2020 on AstraZeneca's botched trial results entitled "The AstraZeneca Covid Vaccine Data Isn't Up to Snuff." *Id.*

As negative news reports continued to expose previously undisclosed problems and flaws in the Company's clinical trials for AZD1222, the price of AstraZeneca ADSs dropped by market close on November 25, 2020 to $52.60, a 5% decline over three trading days in response to adverse news on abnormally high volume. ¶ 40.

As a result of defendants' wrongful acts and omissions, plaintiff and the Class (as defined below) purchased AstraZeneca ADSs at artificially inflated prices and suffered significant losses and were damaged thereby. ¶ 41.

## II. PROCEDURAL HISTORY

Pending before this Court is the above-captioned *MCERS* Action against the Defendants. Plaintiff Monroe County Employees' Retirement System ("MCERS") commenced the first-filed

action on January 26, 2021. On that same day, counsel acting on MCERS' behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Shannon L. Hopkins in Support of Movant's Motion ("Hopkins Decl.").

On January 29, 2021, a substantially similar action was filed against AstraZeneca in this Court, entitled *Zhukov v. AstraZeneca Pl., et al.,* Case No. 1:21-cv-00825-JPO (S.D.N.Y.) (the "*Zhukov* Action"). Movant has requested consolidation of the *MCERS* and *Zhukov* Actions.

**III.   ARGUMENT**

       **A.   Consolidation of the Actions Is Appropriate**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are

common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B. Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B) The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

(aa) has either filed the complaint or made a motion in response to a notice. . .

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of her knowledge, the largest financial interest in this litigation—having lost $35,983.73 as a result of her transactions and meet the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Hopkins Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against her that would render her inadequate to represent the Class. Accordingly, Movant respectfully submits that she should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1. Movant Filed a Timely Motion.

On January 26, 2021, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for *MCERS* published the Press Release on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of AstraZeneca securities that they had 60 days from the publication of the January 26, 2021 notice to file a motion to be appointed as lead plaintiff. *See* Press Release, Ex. C to Hopkins Decl.; *In re Hebron Tech. Co. Sec. Litig.*, C.A. No. 1:20-cv-4450-PAE, 2020 US Dist. LEXIS 169480, at *6 (S.D.N.Y. Sep. 16, 2020) (finding that a notice published on *Business Wire* satisfied Rule 23).

Movant timely filed her motion within the 60-day period following publication of the January 26, 2021 Press Release and submitted herewith a sworn certification attaching her transactions in AstraZeneca securities and attesting that she is willing to serve as representative of the Class. *See* Hopkins Decl., Ex. A. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2. Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that she has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired AstraZeneca securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $35,983.73. *See* Hopkins, Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that she has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3. Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule

7

23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that she satisfies Rule 23's typicality and adequacy requirements. *Id.* at *6.

### a. Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning AstraZeneca's business, operations and financial condition violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired AstraZeneca securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No.

8

10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where Movant purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b. Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated her adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Actions, and Movant's financial losses ensure that she has sufficient incentive to ensure the vigorous advocacy of the Actions. *See* Hopkins Decl., Ex. B. Movant is not aware that any conflict exists between her claims and those asserted on behalf of the Class.

Moreover, Movant is an adequate representative for the Class. Movant considers herself to be a sophisticated investor, having been investing in the stock market for ten years. She resides in Eddyville, Kentucky, and possesses a bachelor's degree in Chemical Engineering. Currently, Movant is employed as an Engineer. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class.

Accordingly, Movant meets the adequacy requirement of Rule 23.

### C. Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only

to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on her behalf and has retained the firm as the Class' Lead Counsel in the event she is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Hopkins Decl. as Ex. D. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Nickerson v. American Electric Power Company, Inc., et al.,* No. 2:20-cv-04243-SDM-EPD, Dkt. No. 16 (S.D. Ohio Nov. 24, 2020). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant her Motion and enter an Order: (1) consolidating the Actions, (2) appointing Movant as Lead Plaintiff, (3) approving her selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such

other relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: March 29, 2021 | Respectfully Submitted,<br><br>**LEVI & KORSINSKY, LLP**<br><br>By: /s/ *Shannon L. Hopkins*<br>Shannon L. Hopkins (SH-1887)<br>55 Broadway, 10th Floor<br>New York, NY 10006<br>Tel: (212) 363-7500<br>Fax: (212) 363-7171<br>Email: shopkins@zlk.com<br><br>*Lead Counsel for Carol Gray and*<br>*[Proposed] Lead Counsel for the Class* |