UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONROE COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ASTRAZENECA PLC, PASCAL SORIOT, MARC DUNOYER, and MENELAS PANGALOS,<br><br>Defendants. | Case No. 1:21-cv-00722-JPO<br><br>CLASS ACTION<br><br>Honorable J. Paul Oetken |
| VLADIMIR ZHUKOV, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ASTRAZENECA PLC, PASCAL SORIOT, MARC DUNOYER, and MENELAS PANGALOS,<br><br>Defendants. | Case No. 1:21-cv-00825-JPO |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF VINOD ALLURI AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................... ii

I.   PRELIMINARY STATEMENT ....................................................................... 1

II.  STATEMENT OF ISSUES TO BE DECIDED ................................................ 2

III. FACTUAL BACKGROUND............................................................................ 3

IV.  ARGUMENT.................................................................................................... 4

    A.   The Related Actions should be consolidated. .............................................. 4

    B.   The Court should appoint Movant as Lead Plaintiff.................................... 5

        i.   Movant filed a timely motion and is willing to serve as Lead Plaintiff.................. 6

        ii.  Movant has the largest financial interest in the relief sought by the Class............ 6

        iii. Movant satisfies the Rule 23 requirements of typicality and adequacy.................. 7

            (a)  Movant's claims are typical of the claims of the Class. ............................... 8

            (b)  Movant is an adequate representative for the Class...................................... 8

    C.   Movant's choice of counsel should be approved. ....................................... 9

V.   CONCLUSION................................................................................................ 11

## **TABLE OF AUTHORITIES**

**Cases**

*Atwood v. Intercept Pharm., Inc.,*
    299 F.R.D. 414 (S.D.N.Y. 2014) ............................................................................. 10

*Blackmoss Invs., Inc. v. ACA Cap. Holdings, Inc.,*
    252 F.R.D. 188 (S.D.N.Y. 2008) ............................................................................... 8

*Casper v. Song Jinan*,
    No. 12-cv-4202 (NRB), 2012 WL 3865267 (S.D.N.Y. Sept. 6, 2012) ................... 10

*Elstein v. Net1 UEPS Techs., Inc.,*
    No. 13-cv-9100 (ER), 2014 WL 3687277 (S.D.N.Y. July 23, 2014) ........................ 7

*Foley v. Transocean Ltd.,*
    272 F.R.D. 126 (S.D.N.Y. 2011) ............................................................................... 9

*Goldstein v. Puda Coal, Inc.,*
    827 F. Supp. 2d 348 (S.D.N.Y. 2011) ....................................................................... 8

*Hom v. Vale, S.A.*,
    No. 1:15-cv-9539-GHW, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) .............. 7, 8, 9

*In re Gen. Elec. Sec. Litig.,*
    No. 09-cv- 1951-DC, 2009 WL 2259502 (S.D.N.Y. July 29, 2009) .......................... 5

*In re Qutoutiao Inc. Securities Litigation,*
    No. 1:20-cv-06707 (SHS) (S.D.N.Y. Nov. 4, 2020) ............................................... 10

*Johnson v. Celotex Corp.*,
    899 F.2d 1281, 1284 (2d Cir. 1990) .......................................................................... 4

*Jonathan Tan v. NIO Inc.,*
    No. 19-cv-1424-NGG-VMS, 2020 WL 1031489 (E.D.N.Y. Mar. 3, 2020) ............. 5

*Malcolm v. Nat'l Gypsum Co.*,
    995 F.2d 346 (2d Cir. 1993) ....................................................................................... 4

**Other Authorities**

15 U.S.C. § 78u-4(a)(3)(A) ................................................................................................. 4, 5, 6

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................................... passim

15 U.S.C. § 78u-4(e) ................................................................................................ 7

Fed. R. Civ. P. 23(a) ............................................................................................... 8

Fed. R. Civ. P. 42(a) ........................................................................................ 1, 2, 4

Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and Federal Rules of Civil Procedure ("Rule") 42(a), movant Vinod Alluri ("Movant") respectfully submits this Memorandum of Law in support of his motion for an Order: (1) consolidating the above-captioned related securities class actions; (2) appointing Movant as Lead Plaintiff on behalf of a Class consisting of all persons and entities who purchased or otherwise acquired the securities of AstraZeneca plc ("AstraZeneca" or the "Company") between May 21, 2020 and November 20, 2020, both dates inclusive (the "Class Period"); and (3) approving Movant's selection of Roche Freedman LLP ("Roche Freedman") as Lead Counsel for the Class.

## I.    PRELIMINARY STATEMENT

Currently pending before this Court are two securities class action lawsuits (the "Related Actions") alleging AstraZeneca, Pascal Soriot, Marc Dunoyer, and Menelas Pangalos (collectively, "Defendants") violated Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder by the United States Securities Exchange Commission ("SEC").[1] Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).[2] As discussed below, consolidation is appropriate under Rule 42 because the

---

[1] The Related Actions are: (1) *Monroe County Employees' Retirement System v. AstraZeneca plc, et al.,* No. 1:21-cv-00722 ("*Monroe County Employees' Retirement System*"), filed on January 26, 2021, on behalf of all purchasers of AstraZeneca American Depository Shares ("ADSs") between May 21, 2020 and November 20, 2020, inclusive; and (2) *Vladimir Zhukov v. AstraZeneca plc, et al.,* No. 1:21-cv-00825 ("*Zhukov*"), filed on January 29, 2021, on behalf of all persons and entities other than Defendants that purchased or otherwise acquired AstraZeneca securities between May 21, 2020 and November 20, 2020, both dates inclusive. For the purposes of this motion, references to ¶ are to the Complaint for Violations of the Federal Securities Laws filed in *Monroe County Employees' Retirement System*, ECF No. 1.

[2] Unless otherwise noted, all emphasis has been added and internal citations have been omitted.

Related Actions involve common legal and factual questions.

After deciding consolidation, the Court must appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i)-(B)(iii). Guiding that determination, the PSLRA creates a presumption that the most adequate plaintiff is the person that "has the largest financial interest" and who "otherwise satisfies the requirements of Rule 23 . . ." *Id.*

Movant believes he has the largest financial interest in the outcome of this litigation because, during the Class Period, he (1) purchased 5,000 AstraZeneca securities; (2) retained 5,000 net securities; (3) expended $274,810 net funds; and lost approximately $17,562.50 due to the alleged fraud. *See* Declaration of Constantine P. Economides ("Economides Decl."), Exs. A-B. Moreover, Movant satisfies the Rule 23 requirements because his claims are typical of the Class's claims, and he will fairly and adequately represent the Class's interests. *See id.* In addition, Movant's selection of Roche Freedman to serve as lead counsel should be approved because the Firm possesses extensive experience and expertise in securities fraud and other class actions. *See id.* at Ex. C.

Accordingly, Movant respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Movant as Lead Plaintiff; and (3) approve Roche Freedman as Lead Counsel.

## II.     STATEMENT OF ISSUES TO BE DECIDED

1.     Whether the Related Actions should be consolidated pursuant to Rule 42(a);

2.     Whether the Court should appoint Movant as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

3.     Whether the Court should approve Movant's selection of Roche Freedman as Lead Counsel for the proposed Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

2

III.    **FACTUAL BACKGROUND**

AstraZeneca is one of the largest biopharmaceutical companies in the world. ¶ 11. AstraZeneca is primarily known for its development of drugs to treat cancer, asthma and other chronic conditions, and has not historically specialized in vaccine development. *Id.*

AstraZeneca was one of the first companies to begin development of a COVID-19 vaccine. ¶ 17. In April 2020, the Company partnered with Oxford University to develop a potential recombinant adenovirus vaccine for the virus, later dubbed AZD1222. *Id.* Oxford University's work on developing a COVID-19 vaccine began in January 2020, almost as soon as the virus was recognized globally. *Id.* Volunteers for the first clinical trial were recruited and screened in March 2020, and a Phase 1 clinical trial was launched the following month. *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations and financial condition. ¶ 33. Specifically, Defendants made false and/or misleading statements and/or failed to disclose: (a) that initial clinical trials for AZD1222 had suffered from a critical manufacturing error, resulting in a substantial number of trial participants receiving half the designed dosage; (b) that clinical trials for AZD1222 consisted of a patchwork of disparate patient subgroups, each with subtly different treatments, undermining the validity and import of the conclusions that could be drawn from the clinical data across these disparate patient populations; (c) that certain clinical trial participants for AZD1222 had not received a second dose at the designated time points, but rather received the second dose up to several weeks after the dose had been scheduled to be delivered according to the original trial design; (d) that AstraZeneca had failed to include a substantial number of patients over 55 years of age in its clinical trials for AZD1222, despite this patient population being particularly vulnerable to the effects of COVID-19 and thus a high priority target market for the drug; (e) that AstraZeneca's clinical trials for AZD1222 had been hamstrung by widespread flaws in design, errors in execution, and a failure to properly

coordinate and communicate with regulatory authorities and the general public; (f) that, as a result of (a)-(e) above, the clinical trials for AZD1222 had not been conducted in accordance with industry best practices and acceptable standards and the data and conclusions that could be derived from the clinical trials was of limited utility; and (g) that, as a result of (a)-(f) above, AZD1222 was unlikely to be approved for commercial use in the United States in the short term, one of the largest potential markets for the drug. *Id.*

As negative news reports revealed previously undisclosed problems and flaws in AstraZeneca's clinical trials for AZD1222, the price of AstraZeneca ADSs fell to $52.60 by market close on November 25, 2020, a 5% decline over three trading days in response to adverse news on abnormally high volume. ¶ 40.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Class members have suffered significant losses and damages. ¶ 41.

## IV.   ARGUMENT

### A.   The Related Actions should be consolidated.

Consolidation of related cases is proper where, as here, the actions "involve a common question of law or fact," such that consolidation would avoid unnecessary cost, delay and overlap in adjudication. Fed. R. Civ. P. 42(a). The PSLRA contemplates consolidation where "more than on action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(A)(ii). Therefore, the PSLRA does not displace the traditional legal standards for consolidation under Rule 42(a).

Consolidation is appropriate when the action before the court involve common questions of law ***or*** fact. *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)). Differences in causes

of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re Gen. Elec. Sec. Litig.,* No. 09-cv-1951-DC, 2009 WL 2259502, at *2 (S.D.N.Y. July 29, 2009); *see also Jonathan Tan v. NIO Inc.,* No. 19-cv-1424-NGG-VMS, 2020 WL 1031489, at *2 (E.D.N.Y. Mar. 3, 2020).

The Related Actions at issue here present nearly identical factual and legal issues, allege identical claims in an identical class period, and name identical defendants. *See generally Monroe County Employees' Retirement System*, ECF. No. 1 and *Zhukov*, ECF. No. 1. Accordingly, the Related Actions should be consolidated.

### B.  The Court should appoint Movant as Lead Plaintiff.

Within the first 20 days of filing suit, the PSLRA requires the plaintiff in the first filed class action to publish a notice in a widely circulated national business publication or wire service that advises potential class members the action is pending and that they have a right to move for lead plaintiff in 60 days. 15 U.S.C. § 78u-4(a)(3)(A).

The Court must consider any motion seeking appointment as lead plaintiff within 90 days of that notice and must appoint the movant that the court determines to be "most capable of adequately representing the interests of class members." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)  has either filed the complaint or made a motion in response to a notice;
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a Class member that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and possesses, to the best of his knowledge, the largest financial interest in the litigation of any other class member seeking appointment as lead plaintiff. Movant is also unaware of any unique defenses that Defendants could raise against him. Thus, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class. Movant also satisfies the typicality and adequacy requirements of Rule 23, and, as a result, should be appointed lead plaintiff in the Action.

### i.   Movant filed a timely motion and is willing to serve as Lead Plaintiff.

Within 20 days of the first-filed *Monroe County Employees' Retirement System* complaint (*i.e.* on January 26, 2021), Plaintiff Monroe County Employees' Retirement System published the required notice through *Business Wire*, a widely circulated national business-oriented wire service. 15 U.S.C. § 78u-4(a)(3)(A)(i). *See* Economides Decl., Ex. D. Movant timely filed his motion within the next 60 days, *i.e.,* by March 29, 2021. 15 U.S.C. § 78u-4(a)(3)(A)(i). Movant has filed herewith a PSLRA certification attesting that he is willing to serve as Lead Plaintiff of the Class and remains willing to provide testimony at deposition and trial, if necessary. *See* Economides Decl. Ex. A. Accordingly, Movant has satisfied the first requirement to serve as Lead Plaintiff of the Class.

### ii.   Movant has the largest financial interest in the relief sought by the Class.

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief

sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). As demonstrated herein, Movant has the largest financial interest in the relief sought by the Class and should therefore be presumed the most adequate plaintiff to serve as Lead Plaintiff. *See* Economides Decl., Exs. A-B.

In assessing the largest financial interest, the Court generally considers: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 WL 880201, at *2 (S.D.N.Y. Mar. 7, 2016).[3]

During the Class Period, Movant: (1) purchased 5,000 AstraZeneca securities; (2) retained 5,000 net securities; (3) expended $274,810 net funds; and (4) as a result of Defendants' materially false and misleading statements, suffered substantial losses of approximately $17,562.50. Movant, therefore, has a significant financial interest in the outcome of this case. To Movant's knowledge, moreover, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and that also satisfy Rule 23.

### iii.    Movant satisfies the Rule 23 requirements of typicality and adequacy.

In addition to demonstrating the largest loss, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Rule 23(a) requires the following four requirements be satisfied:

    (1) the class is so numerous that joinder of all members is

---

[3] "The PSLRA does not specify a method for calculating which plaintiff has the 'largest financial interest,' and neither the Supreme Court nor the Second Circuit has provided instruction on the appropriate method." *Hom*, 2016 WL 880201, at *3; *e.g. Elstein v. Net1 UEPS Techs., Inc.,* No. 13-cv-9100 (ER), 2014 WL 3687277, at *6 (S.D.N.Y. July 23, 2014)). Damages are calculated based on: (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated; *or* (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. § 78u-4(e).

> impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In a PSLRA case, at this stage of the litigation, "the [movant] must only make a preliminary showing that the adequacy and typicality requirements have been met." *Hom*, 2016 WL 880201, at *6; *see also Blackmoss Invs., Inc. v. ACA Cap. Holdings, Inc.,* 252 F.R.D. 188, 191 (S.D.N.Y. 2008). As detailed below, Movant satisfies both the typicality and adequacy requirements.

### (a) Movant's claims are typical of the claims of the Class.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. The typicality requirement is satisfied "where the claims arise from the same conduct from which the other class members' claims and injuries arise." *Hom*, 2016 WL 880201, at *6; *see also Goldstein v. Puda Coal, Inc.,* 827 F. Supp. 2d 348, 354 (S.D.N.Y. 2011).

Movant's claims are typical of, if not identical to, the claims of other members of the putative Class. *See Hom*, 2016 WL 880201, at *6. Movant, like the other members of the Class, acquired AstraZeneca securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and was damaged thereby when the truth was revealed. Movant suffered losses similar to those of other Class members, and his losses resulted from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement.

### (b) Movant is an adequate representative for the Class.

Under Rule 23(a)(4), representative parties must "fairly and adequately protect the interests of the class." In order for a movant to satisfy the adequacy requirement, "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion

among the litigants; (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (3) the lead plaintiff should have a sufficient interest in the outcome to ensure vigorous advocacy." *Hom*, 2016 WL 880201, at *6; *see also Foley v. Transocean Ltd.,* 272 F.R.D. 126, 131 (S.D.N.Y. 2011).

Movant has met the requirements under Rule 23(a)(4) to fairly and adequately protect the interest of the putative Class. *See* Economides Decl., Exs. A-C. As demonstrated *supra*, Movant has significant interest in the outcome of the case and has no reason to believe that his interests are adverse to those of the other Class members. Further, Movant understands the responsibilities of a Lead Plaintiff, including his selection of lead counsel, and the overseeing and monitoring of this litigation. As such, Movant communicated with competent, experienced counsel concerning this case, and retained Roche Freedman, who, as shown below, is qualified to litigate lawsuits such as this case. Therefore, Movant is an adequate representative for the Class. *See Hom*, 2016 WL 880201, at *6.

Accordingly, at this stage of the proceedings, Movant has met all requirements for appointment as lead plaintiff. Movant has timely filed his motion, has sustained the largest amount of losses from Defendants' alleged wrongdoing, and has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23. Thus, Movant is entitled to a presumption that he is the most adequate plaintiff and, as such, should be appointed to lead this Action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)-(II).

### C.  Movant's choice of counsel should be approved.

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. "Although the Court maintains discretion in appointing lead counsel to protect the interests of the class, the statute evidences a

strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *Atwood v. Intercept Pharm., Inc.,* 299 F.R.D. 414, 417 (S.D.N.Y. 2014)); *see also Casper v. Song Jinan*, No. 12-cv-4202 (NRB), 2012 WL 3865267, at *3 (S.D.N.Y. Sept. 6, 2012).

The record confirms that Movant's selection of counsel should be approved; Roche Freedman is qualified, experienced, and capable of effectively prosecuting this Action on behalf of Movant and the Class. *See* Economides Decl., Ex. C; *see also* Opinion & Order, *In re Qutoutiao Inc. Securities Litigation,* No. 1:20-cv-06707 (SHS) (S.D.N.Y. Nov. 4, 2020), ECF No. 22 (when appointing RCF to serve as sole lead counsel in the securities class action, the Court found "its attorneys appear appropriately 'qualified, experienced, and generally able to conduct the litigation.'").

Most recently, Roche Freedman was appointed, and is serving as, Lead Counsel in the following securities fraud class actions: *In re Qutoutiao Inc. Securities Litigation,* No. 1:20-cv-06707 (S.D.N.Y.); *Chapman v. Fennec Pharma Inc. et al.,* No. 1:20-cv-812 (M.D.N.C.); *Garcia v. J2 Global, Inc. et al.,* No. 2:20-cv-06096 (C.D. Cal.); and *In re Sona Nanotech, Inc. Securities Litigation*, No. 2:20-cv-11405 (C.D. Cal.). Roche Freedman has also been appointed, and is serving, as Co-Lead Counsel in the following securities fraud class action cases: *Clifford et al. v. Tron Found. et al.,* No. 1:20-cv-02804 (S.D.N.Y.); *Clifford v. Bibox et al.,* No. 1:20-cv-02807 (S.D.N.Y.); *Zhang v. Civic Techs., Inc. et al.,* No. 1:20-cv-02811 (S.D.N.Y.); *Clifford v. Status Research and Development GmbH et al.,* No. 1:20-cv-02815 (S.D.N.Y.); *Williams et al. v. HDR Global Trading Ltd et al.,* No. 1:20-cv-02805 (S.D.N.Y.); *Clifford v. KayDex Pte. Ltd. et al.* No. 1:20-cv-02812 (S.D.N.Y.); *Lee et al. v. Binance et al.*, No. 1:20-cv-02803 (S.D.N.Y.); *Williams v. Quantstamp, Inc. et al.*, No. 1:20-cv-02813 (S.D.N.Y.); *Williams v. KuCoin et al.*, No. 1:20-cv-

02806 (S.D.N.Y.); *Lowry v. RTI Surgical Holdings, Inc. et al.,* No. 1:20-cv-01939 (N.D. Ill.); and *Hartel v. Geo Group, Inc. et al.,* No. 9:20-cv-81063 (S.D. Fla.). Additionally, Roche Freedman has been appointed, and is serving, as Co-Lead Counsel in *Leibowitz v. iFinex Inc.*, No. 1:19-cv-09236-KPF (S.D.N.Y.), an antitrust, market manipulation, and RICO class action.

Moreover, Roche Freedman's attorneys have decades of experience in complex litigation, including securities litigation and class actions on behalf of plaintiffs and defendants. *See* Economides Decl., Ex. C. The firm's attorneys have previously been appointed as co-lead counsel in securities class actions and/or have clerked for federal judges sitting in the Southern District of New York, Northern District of California, Eastern District of Pennsylvania, Eastern District of Louisiana, Southern District of Florida, District of Connecticut, Second Circuit, Fourth Circuit, Fifth Circuit, Ninth Circuit, and United State Supreme Court. *See id.* Movant respectfully submits that this wealth of experience and qualifications demonstrates Roche Freedman's ability to provide the highest caliber of representation to the Class.

## V.      CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Movant as Lead Plaintiff; (3) approve Movant's selection of Roche Freedman as Lead Counsel for the putative Class; and (4) grant such other relief as the Court may deem just and proper.

DATED: March 29, 2021                    Respectfully Submitted,

                                         **ROCHE FREEDMAN LLP**

                                         */s/ Constantine P. Economides*
                                         Constantine P. Economides
                                         Velvel (Devin) Freedman (*pro hac vice* forthcoming)
                                         Ivy T. Ngo (*pro hac vice* forthcoming)
                                         200 South Biscayne Boulevard

Miami, Florida 33131
Telephone: (305) 971-5943
Email: ceconomides@rcfllp.com
Email: vel@rcfllp.com
Email: ingo@rcfllp.com

*Counsel for Lead Plaintiff Movant Vinod Alluri and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (*pro hac vice* forthcoming)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Movant Vinod Alluri*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on March 29, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Constantine P. Economides*
Constantine P. Economides
