UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
MONROE COUNTY EMPLOYEES' : Civil Action No. 1:21-cv-00722-JPO
RETIREMENT SYSTEM, Individually and on :
Behalf of All Others Similarly Situated, : <u>CLASS ACTION</u>
:
                Plaintiff, :
:
    vs. :
:
ASTRAZENECA PLC, PASCAL SORIOT, :
MARC DUNOYER and MENELAS :
PANGALOS, :
:
                Defendants. :
------------------------------------------------------
VLADIMIR ZHUKOV, Individually and on : Civil Action No. 1:21-cv-00825-JPO
Behalf of All Others Similarly Situated, :
: <u>CLASS ACTION</u>
                Plaintiff, :
:
    vs. :
:
ASTRAZENECA PLC, PASCAL SORIOT, :
MARC DUNOYER and MENELAS :
PANGALOS, :
:
                Defendants. :
:
------------------------------------------------------x

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF
RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

4819-9695-7410.v1

## I. INTRODUCTION

Presently pending before this Court are two related securities class action lawsuits (the "Related Actions") brought on behalf of investors who purchased or otherwise acquired AstraZeneca plc ("AstraZeneca" or the "Company") securities between May 21, 2020 and November 20, 2020, inclusive (the "Class Period"), seeking to pursue remedies under §§10(b) and 20(a) the Securities Exchange Act of 1934 (the "1934 Act") against the Company and three of its senior executives.[1]

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here, consolidation is appropriate because the Related Actions assert the same 1934 Act claims against identical defendants during identical class periods. *See* Fed. R. Civ. P. 42(a).

Thereafter, the PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, Wayne County Employees' Retirement System (the "Retirement System") should be appointed as lead plaintiff because it: (1) timely filed this Motion; (2) has the largest financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Retirement System's selection of Robbins Geller Rudman & Dowd LLP, counsel with extensive experience prosecuting complex securities class actions, as lead counsel for the putative class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

---

[1] The Related Actions are: (1) *Monroe Cty. Emps. Ret. Sys. v. AstraZeneca plc*, No. 1:21-cv-00722-JPO, filed on behalf of investors who purchased AstraZeneca American Depositary Shares ("ADSs") between May 21, 2020 and November 20, 2020, inclusive; and (2) *Zhukov v. AstraZeneca plc*, No. 1:21-cv-00825-JPO, filed on behalf of investors who purchased or otherwise acquired AstraZeneca securities between May 21, 2020 and November 20, 2020, both dates inclusive.

## II.     FACTUAL BACKGROUND[2]

AstraZeneca is a multinational biopharmaceutical company primarily known for its development of drugs to treat cancer, asthma, and other chronic conditions.  AstraZeneca has not historically specialized in vaccine development.

In January 2020, the World Health Organization announced that a new coronavirus strain had been discovered in China, later named COVID-19.  Soon, COVID-19 became a global public health emergency, and by February 2020, COVID-19 began to have an impact on the global markets, as consumer demand plummeted and governments began to impose lockdowns and other restrictions worldwide.  The human and economic devastation wrought by COVID-19 spurred an unprecedented campaign by governments and biopharmaceutical companies to develop treatments and vaccines for the virus.

In the spring of 2020, AstraZeneca touted its development of a potential COVID-19 vaccine, AZD1222.  The drug was perceived to be relatively inexpensive and easy to distribute as compared to the other developmental-stage COVID-19 vaccines because AZD1222 did not require the same extreme cold storage conditions as did the other vaccine candidates.  AstraZeneca and its executives highlighted promising early results from ongoing clinical trials of AZD1222.  They also sought to reassure investors and the general public that the trials were being conducted pursuant to the highest clinical standards, with CEO Pascal Soriot going so far as to sign a public "pledge" to "adhere to high scientific and ethical standards regarding the conduct of clinical trials and the rigor of manufacturing processes." ¶29.

---

[2]   These allegations are based on the *Monroe Cty. Emps. Ret. Sys.* complaint (the "Complaint"). All "¶__" and "¶¶__" references are to the Complaint.

However, unbeknownst to investors, clinical trials for AZD1222 had been suffering from a severe manufacturing error that resulted in participants receiving half the designed dose. Despite knowing that the dosing discrepancies undermined the validity of any trial results, AstraZeneca and its executives concealed this fact and carried on with the trials. Throughout the Class Period, defendants failed to disclose additional adverse facts pertaining to the Company's business, operations, and financial condition, including: (1) that AstraZeneca's AZD1222 clinical trials consisted of a patchwork of disparate patient subgroups, each with subtly different treatments – all of which undermined the validity and import of the conclusions that could be drawn from data across these disparate patient populations; (2) that certain AZD1222 clinical trial participants received doses months later than scheduled; (3) the exclusion of patients over 55 years of age from the AZD1222 trials despite the high risks associated with this age group for COVID-19; and (4) AstraZeneca's clinical trials had been hamstrung by widespread flaws in design, errors in execution, and a failure to properly coordinate and communicate with regulatory authorities and the general public.

The truth only began to be revealed on November 23, 2020, when AstraZeneca published an interim analysis of its AZD1222 trials. Analysts and industry specialists immediately began to question the data, especially the counterintuitive claim that the tested half-dosing regimen was substantially more effective than the full-dosing regimen. AstraZeneca was forced to hastily convene investor meetings in an attempt to quell doubts, but these meetings raised more questions than answers, as the previously undisclosed issues came to light. Analysts and reporters widely panned the faulty trial design and AstraZeneca's lack of forthrightness, describing the interim results as a "mess," riddled with "irregularities and omissions," and the product of "cherry-pick[ed] data" and "very shaky science." ¶38. As *The New York Times* stated, "a pattern of communication

blunders by AstraZeneca . . . has damaged the company's relationship with regulators, raised doubts about whether its vaccine will stand up to intense public and scientific scrutiny and . . . slowed the vaccine's development." ¶39. As negative news reports continued to reveal previously undisclosed problems and flaws in AstraZeneca's clinical trials for AZD1222, the price of AstraZeneca ADSs fell to $52.60 by market close on November 25, 2020, on abnormally high volume.

As a result of defendants' wrongful acts and omissions, and the declines in the price of AstraZeneca securities as detailed herein, the Retirement System and other class members have suffered significant losses and damages.

### III.    ARGUMENT

#### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.'" *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

The Related Actions here share sufficiently common legal and factual questions to warrant consolidation. Given that both actions assert the same 1934 Act claims against identical defendants in the same class period, consolidation will prevent needless duplication and possible confusion, as well as potentially inconsistent jury verdicts. There is also little or no risk of prejudice to the parties from

consolidation. Because these Related Actions are based on the same facts and legal issues, the same discovery will pertain to both lawsuits.[3]  Thus, consolidation is appropriate here.

### B. The Retirement System Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Retirement System meets each of these requirements and should therefore be appointed Lead Plaintiff.

#### 1. The Retirement System's Motion Is Timely

On January 26, 2021, a notice for the first-filed *Monroe Cty. Emps. Ret. Sys.* action was published on *Business Wire*, which advised class members of the pendency of the action, the alleged claims, its class definition, and the option of moving the Court to be appointed as lead plaintiff within 60 days, or by March 27, 2021. *See* Declaration of David A. Rosenfeld in Support of Motion

---

[3] The *Monroe Cty. Emps. Ret. Sys.* action seeks to represent investors who purchased AstraZeneca ADSs and the *Zhukov* action seeks to represent investors who purchased AstraZeneca securities. This difference will be resolved upon the filing of a consolidated complaint.

for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A. March 27, 2021 is a Saturday and pursuant to Fed. R. Civ. P. 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday," is March 29, 2021. Because the Retirement System's motion was timely filed by the statutory deadline, it is eligible for appointment as lead plaintiff.

### 2. The Retirement System Possesses the Largest Financial Interest

As indicated in its Certification and loss chart, the Retirement System purchased 23,705 shares of AstraZeneca ADSs during the Class Period and suffered approximately $89,754 in losses. *See* Rosenfeld Decl., Exs. B, C.[4] To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Retirement System satisfies the PSLRA's "largest financial interest" requirement.

### 3. The Retirement System Otherwise Satisfies Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the litigation, courts focus on the typicality and adequacy requirements. *Lopez v. CTPartners Exec. Search Inc.*, 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015). "A lead plaintiff's claims are typical where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* (citation omitted). "A lead plaintiff is adequate where he 'does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and

---

[4] The Retirement System's FIFO (first in, first out) loss is $89,754 and its LIFO (last in, first out) loss is $71,422. While the Retirement System's Certification is dated before the filing of the *Zhukov* action which seeks to represent investors who purchased AstraZeneca securities (rather than just ADSs), there are no additional securities transactions that require disclosure.

- 6 -

qualified to vigorously represent the interests of the class that he seeks to represent.'" *Id.* (citation omitted).

The Retirement System satisfies the typicality threshold because its claims arise from the same conduct from which the other class members' claims and injuries arise. Just like all other class members, the Retirement System purchased AstraZeneca securities during the relevant time period, was adversely affected by defendants' allegedly false and misleading statements, and suffered damages thereby. In addition, the Retirement System is an adequate representative of the class because its interests are aligned with those of the putative class and there is no evidence of any antagonism between the Retirement System's interests and the class's interests.

Based in Detroit, Michigan, the Retirement System provides retirement and related benefits for Wayne County public employees and serves nearly 10,000 active and retired members. As a sophisticated institutional investor, the Retirement System is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001).

Because the Retirement System filed a timely motion, has a large financial interest in the relief sought by the class, is typical and adequate of the putative class, and selected qualified counsel (as set forth below) the Court should adopt the presumption that it is the presumptive lead plaintiff.[5]

---

[5] Monroe County Employees' Retirement System, the plaintiff who first filed this action in *Monroe Cty. Emps. Ret. Sys.*, supports the Retirement System's application for lead plaintiff.

### C. The Retirement System's Selection of Counsel Should Be Approved

The PSLRA provides that the most adequate plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. §78u-4(a)(3)(B)(v); *see also Lopez*, 2015 WL 2431484, at *3. Here, the Retirement System has selected Robbins Geller to serve as Lead Counsel for the proposed class.

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[6] Courts throughout the country, including within this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (concerning Robbins Geller's role as lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous"); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (Preska, J.) (concerning Robbins Geller's role as lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers. They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law. I

---

[6] For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com/. A hard copy of the Firm's resume is available upon the Court's request, if preferred.

will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute . . . . Counsel, you can all be proud of what you've done for your clients. You've done an extraordinarily good job").

Notably, in 2021, Robbins Geller has already recovered $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), and in 2020, the Firm recovered $1.02 billion in *Am. Realty* and $350 million in *Smilovits v. First Solar, Inc*., No. 2:12-cv-00555-DGC (D. Ariz.) – the top two securities class action recoveries in 2020. Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc*., No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[7]

Thus, the Court can be assured that by approving the Retirement System's choice of Robbins Geller as lead counsel the putative class will receive the highest caliber of representation.

---

[7] *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

## IV. CONCLUSION

The Related Actions should be consolidated as they involve common legal and factual questions. Additionally, the Retirement System has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, the Retirement System respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Lead Counsel.

DATED: March 29, 2021

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

        VANOVERBEKE, MICHAUD TIMMONY, P.C.
        THOMAS C. MICHAUD
        79 Alfred Street
        Detroit, MI  48201
        Telephone:  313/578-1200
        313/578-1201 (fax)
        tmichaud@vmtlaw.com

        Additional Counsel for [Proposed] Lead Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 29, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
 & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4819-9695-7410.v1

# Mailing Information for a Case 1:21-cv-00722-JPO Monroe County Employees' Retirement System v. Astrazeneca PLC et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mary Jane Eaton**
  mary.eaton@freshfields.com,richard.rodriguez@freshfields.com,suzanne.alenick@freshfields.com

- **Constantine Philip Economides**
  ceconomides@rcfllp.com,ECF_Notifications@rcfllp.com,akaradjas@rcfllp.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,asoto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Shannon Lee Hopkins**
  shopkins@zlk.com,files@zlk.com,shalliday@zlk.com

- **Meredith Eve Kotler**
  meredith.kotler@freshfields.com,richard.rodriguez@freshfields.com,suzanne.alenick@freshfields.com,6188914420@filings.docketbird.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`