MANDATE

22-2704-cv
In re: AstraZeneca PLC Securities Litigation

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jun 06 2023

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-three.

Present:
>   DEBRA ANN LIVINGSTON,
>       *Chief Judge*,
>   REENA RAGGI,
>   MARIA ARAÚJO KAHN,
>       *Circuit Judges*.

_____

NUGGEHALLI BALMUKUND NANDKUMAR, WAYNE COUNTY EMPLOYEES RETIREMENT SYSTEM,

>   *Lead Plaintiffs-Appellants*,

VLADIMIR ZHUKOV,

>   *Plaintiff-Appellant*,

MONROE COUNTY EMPLOYEES' RETIREMENT SYSTEM, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

>   *Lead Plaintiff*,

>   v.                                            22-2704-cv

1

MANDATE ISSUED ON 06/06/2023

ASTRAZENECA PLC, PASCAL SORIOT, MARC
DUNOYER, MENELAS PANGALOS,

        *Defendants-Appellees*.

―――――――――――――――――――――――

| | |
|---|---|
| For Plaintiffs-Appellants: | Joseph D. Daley, Robbins Geller Rudman & Dowd LLP, San Diego, CA; Samuel H. Rudman, Alan I. Ellman, and William J. Geddish, Robbins Geller Rudman & Dowd LLP, Melville, NY; Jeremy A. Lieberman and Murielle J. Steven Walsh, Pomerantz LLP, New York, NY. |
| For Defendants-Appellees: | Meredith Kotler, Mary Eaton, Marques Tracey, and Adam Rosenfeld, Freshfields Bruckhaus Deringer US LLP, New York, NY. |

Appeal from a judgment of the U.S. District Court for the Southern District of New York (Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Nuggehalli Balmukund Nandkumar, Wayne County Employees Retirement System, and Vladimir Zhukov appeal from the September 12, 2022 opinion and order of the United States District Court for the Southern District of New York (Oetken, *J.*), dismissing their Amended Complaint against Defendants-Appellees AstraZeneca PLC ("AstraZeneca"), AstraZeneca CEO Pascal Soriot ("Soriot"), AstraZeneca CFO Marc Dunoyer ("Dunoyer"), and Executive Vice President of Biopharmaceuticals Research & Development at AstraZeneca Menelas Pangalos ("Pangalos") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs-Appellants allege that Defendants-Appellees made material misstatements regarding the design and progress of their clinical trials for a recombinant adenovirus vaccine candidate, known as AZD1222, to combat COVID-19. The Amended Complaint asserts claims under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.

2

§ 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, and also asserts control-person liability against Soriot, Dunoyer, and Pangalos (the "Individual Defendants") in violation of Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a).  On appeal, Plaintiffs-Appellants contend that the district court erred in dismissing the Amended Complaint for failure adequately to plead falsity and scienter.  For the reasons set forth below, we agree with the district court that the Amended Complaint has not adequately pleaded falsity or facts giving rise to a strong inference of scienter, and thus affirm the district court's dismissal of the Amended Complaint.[1]  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*   \*   \*

We review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6), "construing the complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor."  *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

"To state a claim for securities fraud under Section 10(b) and Rule 10b-5 promulgated thereunder, a plaintiff must allege that the defendant: (1) made misstatements or omissions of material fact; (2) with scienter; (3) in connection with the purchase or sale of securities; (4) upon which plaintiffs relied; and (5) that plaintiffs' reliance was the proximate cause of their injury."  *Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 463 (2d Cir. 2019) (internal quotation marks and citation omitted).

---

[1] The Section 20(a) claim was properly dismissed because the Amended Complaint failed adequately to plead a primary violation of Section 10(b).  *See Rombach v. Chang*, 355 F.3d 164, 177–78 (2d Cir. 2004).

3

I.  **Falsity**

A complaint alleging securities fraud must also satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act ("PSLRA"). See Fed. R. Civ. P. 9(b); 15 U.S.C. § 78u-4(b)(1). Accordingly, we have held that a securities fraud complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Gamm, 944 F.3d at 462 (internal quotation marks and citation omitted). The "plaintiffs must do more than say that the statements . . . were false and misleading; they must demonstrate with specificity why and how that is so." Rombach, 355 F.3d at 174.

Here, the Amended Complaint does not adequately plead falsity. On appeal, Plaintiffs-Appellants point to four paragraphs in the Amended Complaint, which contain statements made by Defendants-Appellees about "different age groups," "older and younger adults," and "the 56 to 69 year olds and 69 and 70 and above," and are each followed by a form paragraph alleging that the statements were "materially false and/or misleading" because they failed to disclose eight adverse facts, including that "AstraZeneca had failed to include a substantial number of patients over 55 years of age in its Phase II/III clinical trials for AZD1222, and no patients over 55 in the half-dose regimen, despite this patient population being particularly vulnerable to the effects of Covid and thus a high priority target market for the drug." See Am. Compl. ¶¶ 54, 56, 70, 71, 72, 76, 77.

These allegations do not adequately explain how omission of the additional information from the identified statements (regarding, for example, the participation of older patients in clinical trials) renders the statements inaccurate or misleading. Plaintiffs-Appellants have not identified

4

anything in the statements in contradiction with the omitted information and thereby false; nor have they explained with particularity how investors were misled because they lacked the details specified in the form paragraph. This manner of pleading, with a boilerplate paragraph after each alleged misstatement, "basically leav[es] the District Court to . . . determine on its own initiative how and why the statements were false" and, thus, "does not comport with our exhortation that plaintiffs 'must demonstrate with specificity why and how' each statement is materially false or misleading." *Boca Raton Firefighters & Police Pension Fund v. Bahash*, 506 F. App'x 32, 38 (2d Cir. 2012) (quoting *Rombach*, 355 F.3d at 174). The district court therefore did not err in concluding that the Amended Complaint fails plausibly to allege falsity.

II. **Scienter**

We further agree with the district court that the Amended Complaint also failed adequately to plead facts that raise a strong inference of scienter, providing an independent basis for dismissal. The required "scienter" for securities fraud is "a mental state embracing intent to deceive, manipulate, or defraud." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 319 (2007) (internal quotation marks and citation omitted). To allege a strong inference of scienter, as required by the PSLRA, "it is not sufficient to set out 'facts from which, if true, a reasonable person *could* infer that the defendant acted with the required intent,' for that gauge 'does not capture the stricter demand Congress sought to convey in [the PSLRA].'" *S. Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 110–11 (2d Cir. 2009) (quoting *Tellabs*, 551 U.S. at 314). Rather, to qualify as strong, "an inference of scienter must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Id.* at 111 (emphases omitted) (quoting *Tellabs*, 551 U.S. at 314). A plaintiff can satisfy the scienter requirement "by alleging facts (1) showing that the defendants had both motive and opportunity

5

to commit the fraud or (2) constituting strong circumstantial evidence of conscious misbehavior or recklessness." *Setzer v. Omega Healthcare Invs., Inc.*, 968 F.3d 204, 212 (2d Cir. 2020) (internal quotation marks and citation omitted).

### A. Motive and Opportunity to Commit Fraud

"Sufficient motive allegations entail concrete benefits that could be realized by one or more of the false statements and wrongful nondisclosures alleged." *Kalnit v. Eichler*, 264 F.3d 131, 139 (2d Cir. 2001) (internal quotation marks and citation omitted). Thus, "[m]otives that are generally possessed by most corporate directors and officers do not suffice; instead, plaintiffs must assert a concrete and personal benefit to the individual defendants resulting from the fraud." *Id.*

Here, the Amended Complaint does not adequately plead that the Individual Defendants had motive and opportunity to commit fraud. The Amended Complaint asserts that the Individual Defendants were motivated to artificially inflate AstraZeneca's stock price to fund AstraZeneca's December 2020 acquisition of Alexion Pharmaceuticals. *See* Am. Compl. ¶ 140. This allegation fails to allege "a concrete and personal benefit" to the Individual Defendants. *Kalnit*, 264 F.3d at 139. Rather, the alleged motive is simply the "generalized desire to achieve a lucrative acquisition proposal" and could be attributed to the directors and officers of any corporation looking to acquire another. *ECA, Loc. 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 201 (2d Cir. 2009) ("In this case, the link between the acquisition and the alleged misconduct simply is not close enough to strengthen the inference of an intent to defraud."). Accordingly, the district court did not err in concluding that the Amended Complaint fails plausibly to allege that the Individual Defendants had a motive and opportunity to commit fraud.

### B. Circumstantial Evidence of Conscious Misbehavior or Recklessness

"Where motive is not apparent, it is still possible to plead scienter by identifying circumstances indicating conscious [mis]behavior by the defendant, though the strength of the circumstantial allegations must be correspondingly greater." *Kalnit*, 264 F.3d at 142 (internal quotation marks and citation omitted). We have defined recklessness in the securities fraud context as "conscious recklessness—*i.e.*, a state of mind approximating actual intent, and not merely a heightened form of negligence." *S. Cherry St.*, 573 F.3d at 109 (internal quotation marks, emphases, and citation omitted). "[S]ecurities fraud claims typically have sufficed to state a claim based on recklessness when they have specifically alleged defendants' knowledge of facts or access to information contradicting their public statements." *Setzer*, 968 F.3d at 215 (internal quotation marks and citation omitted).

As the district court concluded, the Amended Complaint fails to meet this pleading standard. At the start, it does not identify any "reports or statements" containing information that was contrary to the Individual Defendants' public statements. *See Novak v. Kasaks*, 216 F.3d 300, 309 (2d Cir. 2000) ("Where plaintiffs contend defendants had access to contrary facts, they must specifically identify the reports or statements containing this information.").[2] Plaintiffs-Appellants cite no authority for the proposition that "verifiable facts," from which it can be inferred that a defendant had access to the requisite "reports and statements," are sufficient under the pleading standard. And in any case, that inference is not obvious here, where the Individual Defendants' public statements identified by the Amended Complaint either: are at a high level of

---

[2] Plaintiffs-Appellants misread the district court as demanding direct evidence of contrary information. In noting Plaintiffs-Appellants' failure to "specifically identify the reports or statements," the district court was merely stating what suffices as an adequate allegation of conscious misbehavior or recklessness. *In re AstraZeneca plc Sec. Litig.*, No. 21-cv-722, 2022 WL 4133258, at *9 (S.D.N.Y. Sept. 12, 2022) (internal quotation marks and citation omitted).

7

generality,[3] are irrelevant to the alleged omissions,[4] or simply do not compel the inference that the Individual Defendants had access to contrary information.[5]

Nor did the district court err, as Plaintiffs-Appellants assert, by effectively requiring a heightened recklessness standard. The district court noted that Defendants-Appellees' disclosure to the Food and Drug Administration "undermine[d] an inference of fraudulent intent." *In re AstraZeneca*, 2022 WL 4133258, at *10. Contrary to Plaintiffs-Appellants' assertion, the district court did not mistakenly require "intent" where recklessness would have sufficed. Rather, the district court properly applied the "conscious misbehavior or recklessness" standard, which we have previously noted is "a state of mind approximating actual intent." *S. Cherry St.*, 573 F.3d at 109 (emphasis omitted). Furthermore, although—as Plaintiffs-Appellants assert—divulging information about the clinical trials to regulators as opposed to the public may have different market effects, the district court was correct inasmuch as the fact that the information was shared at all weakens the inference that there was conscious misbehavior or recklessness.

Further, the other indicia to which Plaintiffs-Appellants point—the importance of the vaccine and the Individual Defendants' senior executive positions, involvement in a key company undertaking, and repeated interaction with pharmaceutical industry analysts—do not add to the plausibility of the scienter allegations. These allegations lack specificity as to what information

---

[3] *See, e.g.*, Am. Compl. ¶ 38 (statement about development of AZD1222 generally); *id.* ¶ 51 (statement that late-stage trials were ongoing).
[4] *See, e.g.*, Am. Compl. ¶ 52 (statement about antibody and T cell response); *id.* ¶ 66 (statement that a clinical trial was paused because a participant had experienced neurological symptoms).
[5] *See, e.g.*, Am. Compl. ¶ 47 (statement that the trials would measure responses "in different age ranges"); *id.* ¶ 54 (statement that "data on different age groups is coming"); *id.* ¶ 88 (statement that the company was still evaluating immunogenicity data from the half-dose and full-dose studies); *id.* ¶ 93 (statement referring to the manufacturing error as a "mistake"); *id.* ¶ 94 (statement that AstraZeneca would likely run a new trial to test whether the half dosage was the most effective); *id.* ¶ 100 (similar statement); *id.* ¶ 114 (statement from Pangalos that he would have run the study differently if starting from scratch).

8

the Individual Defendants allegedly knew.  Cf. New Orleans Emps. Ret. Sys. v. Celestica, Inc., 455 F. App'x 10, 13–14 (2d Cir. 2011) (finding circumstantial evidence was adequately pleaded where the complaint included statements from former employees that they had directly informed the defendants of information that was contrary to the defendants' public statements).  Thus, Plaintiffs-Appellants' argument—that high-level executives who are involved in a key undertaking would necessarily know of the alleged omissions—is conclusory and insufficient under the relevant pleading standard.

C. **Corporate Scienter**

Where a defendant is a corporation, a plaintiff can plead corporate scienter by alleging "facts that give rise to a strong inference that someone whose intent could be imputed to the corporation acted with the requisite scienter."  Jackson v. Abernathy, 960 F.3d 94, 98 (2d Cir. 2020) (internal quotation marks and citation omitted).  A strong inference of corporate scienter can be raised by "imput[ing] it from an individual defendant who made the challenged misstatement," or imputing it from "other officers or directors who were involved in the dissemination of the fraud."  Id. at 98.  But "[i]t is possible to draw a strong inference of corporate scienter without being able to name the individuals who concocted and disseminated the fraud."  Teamsters Loc. 445 Freight Div. Pension Fund v. Dynex Cap. Inc., 531 F.3d 190, 195–96 (2d Cir. 2008) (quoting Makor Issues & Rts., Ltd. v. Tellabs Inc., 513 F.3d 702, 710 (7th Cir. 2008)).  In these "exceedingly rare instances," a statement must be "so 'dramatic' that collective corporate scienter may be inferred."  Jackson, 960 F.3d at 99.

Here, the Amended Complaint does not adequately plead corporate scienter.  For the reasons discussed above, an inference of corporate scienter cannot be imputed from any of the Individual Defendants; nor have Plaintiffs-Appellants identified any "other officers or directors"

9

from whom such an inference could be imputed. *Id.* at 98. Lastly, the statements identified by Plaintiffs-Appellants are not so "dramatic" or egregious as to permit an inference of collective corporate scienter. *Cf. Dynex*, 531 F.3d at 195–96 (explaining that if "General Motors announced that it had sold one million SUVs in 2006, and the actual number was zero[,] [t]here would be a strong inference of corporate scienter, since so dramatic an announcement would have been approved by corporate officials sufficiently knowledgeable about the company to know that the announcement was false"). Accordingly, we conclude that the district court did not err in dismissing the Amended Complaint for failing to allege corporate scienter.

\* \* \*

We have considered Plaintiffs-Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

10